UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC DAWSON,

Petitioner,

-v-

WILLIAM PHILLIPS, Superintendent, Green
Haven Correctional Facility,

Respondent.

No. 03 Civ. 8632 (RJS) (THK)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Eric Dawson petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. §
2254, challenging his conviction in state court. In a judgment rendered on December 15, 1997,
following a jury trial in the Supreme Court of the State of New York, New York County,
petitioner was convicted of Murder in the Second Degree, and sentenced to an indeterminate
prison term of twenty-five years to life. By order dated September 22, 2005, the Honorable
Theodore H. Katz, Magistrate Judge, to whom this matter had been referred for review, issued a
Report and Recommendation (the "Report"), recommending that this Court deny petitioner's
application for a writ of habeas corpus.[1] Petitioner timely submitted a four page "Traverse"
objecting to the Report. For the following reasons, the Court rejects petitioner's objections and
adopts the Report in its entirety.

The Court may accept, reject, or modify, in whole or in part, the findings and
recommendations of a magistrate judge. *See, e.g., Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364,
365-66 (S.D.N.Y. 2007); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to
those portions of a report to which no "specific, written objection" is made, the Court may

---

[1] This case was previously assigned to the Honorable Sydney H. Stein, District Judge, and was reassigned
to the Honorable Kenneth M. Karas, District Judge, on October 27, 2004. The case was reassigned to the
undersigned on September 4, 2007.

accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to those portions of a report to which specific written objections are made, the Court reviews such findings *de novo. See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir.1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if "the party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Silva*, 509 F. Supp. 2d at 366 (quoting *Sanchez v. Dankert*, No. 03 Civ. 2276 (LTS), 2004 WL 439502, at *1 (S.D.N.Y. Mar. 9, 2004)); *accord Greene*, 956 F. Supp. at 513.

Here, petitioner's traverse, as liberally construed, asserts two objections: (1) the copy of the Report served upon petitioner did not bear "an official impression seal" affixed by the magistrate judge, and, therefore, "cannot have any effect against the petitioner" (Traverse ¶¶ 3-4); and (2) the Report is allegedly not "reliable" or "trustworthy" because it failed to set forth findings of fact in accord with Rule 52(a) of the Federal Rules of Civil Procedure (*id.* ¶ 7).

First, the Court rejects petitioner's objection that the Report does not bear an "official" seal and, thus, is "null and void." (Traverse ¶ 4.) The Court construes this objection as relating to a purportedly specific error in the Report, and, therefore, conducts a *de novo* review of the issue. In doing so, the Court finds that there is absolutely no basis to question the force and effect of the Report on the ground that it lacked a seal.[2] Indeed, the statute cited by petitioner merely provides for the issuance of an "official impression seal" to magistrate judges, and directs

_____

[2] The Report is signed by Judge Katz.

2

them to affix that seal to all "jurats and certificates."[3] 28 U.S.C. § 638(b). Thus, because the Report is neither a jurat nor a certificate, the Court rejects petitioner's objection on this ground. *See Hennessey v. C.I.R.*, No. 06-x-50656 (GCH), 2007 WL 4357175, at *2 (E.D. Mich. Dec. 5, 2007) (rejecting an objection on the ground that the report and recommendation did not bear an official seal and observing that "28 U.S.C. § 638(c), which requires a magistrate judge to affix an official seal to all jurats or certificates, is inapplicable because a report and recommendation is neither").

Second, the Court rejects petitioner's objection that the Report is not reliable because it fails to set forth findings of fact in accord with Rule 52(a). The Court also construes this objection as relating to a purportedly specific error in the Report, and, therefore, conducts a *de novo* review of the issue. Rule 52(a) provides that the court must make fact findings "[i]n an action tried on the facts without a jury or with an advisory jury . . . ." Fed. R. Civ. P. 52(a). Thus, the Report, which sets forth recommended legal findings based on the petition, the record, and the parties' submissions, clearly falls outside the scope of Rule 52(a).[4]

Finally, because petitioner fails to specifically object to any other portion of the Report, the Court reviews the findings set forth therein for clear error. Accordingly, having reviewed the Report, as well as the full record in this action, including the habeas petition, the materials concerning the state court proceedings, the parties' respective submissions, and applicable law,

---

[3] A "jurat" is a "certification added to an affidavit or deposition stating when and before what authority the affidavit or deposition was made"; a "certificate" is a "document in which a fact is formally attested." *Black's Law Dictionary* (8th ed. 2004).

[4] Moreover, to the extent that this objection can be construed as broadly attacking the reliability or trustworthiness of the conclusions set forth in the Report, the Court considers such an objection under the clear error standard and rejects it. As set forth herein, the Court finds no clear error in the findings set forth in the Report.

the Court finds no clear error in the findings set forth in Judge Katz's thorough and well-reasoned Report. Thus, the Court adopts the Report in its entirety, and denies petitioner's application for habeas relief.

The petitioner may not appeal this order "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). A certificate will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *see generally United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to enter judgment against petitioner and to close this case.

SO ORDERED.

Dated:     New York, New York
           March **20**, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4

Copies of this Order are being sent by mail to:

Eric Dawson
#98-A-0135
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458-0338

Susan Holly Gliner
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013

Magistrate Judge Theodore H. Katz